UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LELAND N. FUTCH, on behalf of himself and all
other persons similarly situated,                                         **COMPLAINT**

                                Plaintiff,

   -against-

XEROX CORPORATION,                                         *Class Action and*
                                                                       *Collective Action Lawsuit*
                              Defendant.
---------------------------------------------------------------x

        Plaintiff, LELAND N. FUTCH ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, XEROX CORPORATION ("Xerox" or "Defendant"), alleges as follows:

## NATURE OF THE CLAIM

        1.      Plaintiff brings this action against the Defendant on behalf of himself and all other persons similarly situated under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"). Plaintiff seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b), and other applicable federal law.

        2.      Plaintiff also brings this action against the Defendant on behalf of himself and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to recover statutory damages for failure to timely pay wages in violation of NYLL § 191. Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs of this action and other appropriate relief pursuant to New York Labor Law § 198.

3. Managers and others with executive positions, who are paid fixed salaries, are not members of the class that Plaintiff seeks to represent in this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6. Plaintiff is and was a resident of the County of Suffolk and the State of New York.

7. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

8. At all times relevant, Plaintiff was a "manual worker" within the meaning of NYLL § 190 (4).

9. At all times relevant, Xerox is and was a domestic business corporation.

10. At all relevant times, Xerox was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce, was an enterprise engaged in the sale of goods crossing interstate lines, and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to copiers, printers, tools, toner, receptacles, equipment and materials, much of which originated outside of the State of New York.

11. At all times relevant, Xerox was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

## **FACTS**

12.     Xerox is in the business of, among other things, providing printers, print services and installation/technical support services for its printing products to customers.

13.     Xerox employes Field Service Technicians who maintain and troubleshoot copiers and printers at its customers' business locations.

14.     Defendant employed Plaintiff as a Field Service Technician from in or about 2015 through in or about October 2022.

15.     Throughout his employment with Xerox, Plaintiff performed various manual tasks including, but not limited to, maintaining and troubleshooting copiers and printers using tools. Plaintiff's job duties required significant periods of standing, walking, lifting, carrying, bending, crouching, reaching and climbing.

16.     Throughout his employment with Xerox, Plaintiff regularly worked on Monday through Friday.  Plaintiff began work each workday at 8:00 a.m.  The time that Plaintiff finished work each workday varied from day-to-day.  Plaintiff regularly worked until at least 5:00 p.m., and often later.  Plaintiff regularly worked approximately 45 to 50 hours each workweek.

17.     Xerox failed to pay Plaintiff based on an hourly rate of pay based on the actual number of hours that Plaintiff worked each week.  Defendants instead paid Plaintiff a fixed amount each workweek (approximately $1,192.00) regardless of the actual number of hours that Plaintiff worked each workweek.

18.     Xerox's policy is not to pay statutory overtime to employees who perform the job duties of the Field Service Technician.

19.     Xerox did not track or record the hours worked or number of hours worked by Plaintiff.  Defendants willfully disregarded and purposefully evaded record keeping requirements

of the FLSA and NYLL by failing to track or maintain records of hours worked by Plaintiff and failing to pay him in accordance with his hours worked in order to intentionally deprive Plaintiff of overtime compensation.

20. Throughout his employment with Xerox, Plaintiff regularly performed manual tasks during the majority of his hours worked and spent more than twenty-five percent of his hours worked each week performing such manual tasks.

21. Xerox was required to pay Plaintiff on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

22. Xerox failed to timely pay Plaintiff's wages in violation of the NYLL. Xerox paid Plaintiff bi-weekly pursuant to its company-wide payroll policy.

23. Xerox failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly in violation of NYLL § 191.

24. Each time that Plaintiff and Class Members received late compensation for the work that they performed, Xerox underpaid them for the work that they performed.

25. Each time that Xerox failed to pay Plaintiff and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money that belonged to them.  As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy.

26. By Xerox's failure to pay Plaintiff and Class Members their wages earned within seven days of the end of their workweeks and retaining money that belonged to them, Plaintiff and Class Members lost the time value of money.

27. By retaining these wages earned beyond the timeframes set by NYLL § 191, Xerox benefitted from the time value of money and their free use of such funds, at the expense of Plaintiff

and Class Members. For example, during the interval of these delayed wage payments, Xerox was free to utilize those funds to purchase goods and services, pay rent or mortgages on its facilities and retail stores, pay installment payments and purchase fuel for its company-owned vehicles, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

28. Plaintiff, FLSA Collective Action Members, and Class Members suffered an underpayment of wages each pay period because Xerox failed to timely pay their wages within seven days of when their wages were earned in violation of the NYLL.

29. Plaintiff, FLSA Collective Action Members, and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

30. By withholding the wages due and owing to the Plaintiff, FLSA Collective Action Members and Class Members, Xerox deprived the Plaintiff, FLSA Collective Action Members and Class Members of use of those funds to meet their everyday expenses and provide for their basic needs including, but not limited to, food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education, daycare or childcare, public transportation, and other basic living expenses.

31. Xerox's failure to timely pay wages earned caused Plaintiff, FLSA Collective Action Members and Class Members to suffer the same or similar harms.

32. Xerox failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by NYLL § 195(1).

33. Xerox failed to provide Plaintiff with accurate wage statements indicating, *inter alia*, his overtime rate of pay and number of overtime hours worked each pay period as required by NYLL § 195(3).

34. Xerox treated and paid the Plaintiff, FLSA Collective Action Members and Class Members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

35. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to the Defendant's decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime wages in violation of the FLSA.

36. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been harmed by Defendant's failure to pay Field Service Technicians overtime in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendant's current and former employees' interests as well as his own interest in bringing this action.

37. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and all persons who are currently, or have been, employed by Xerox as a Field Service Technician, and/or in any other similarly-situated position maintaining and troubleshooting copiers and printers, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

38. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Action Plaintiffs are readily

ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have not timely received payment of their wages, will be unable to secure compensation to which they are entitled.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings claims on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by Xerox in the State of New York as a Field Service Technician and/or in any other similarly-situated position maintaining and troubleshooting copiers and printers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

40. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Xerox. The positions held, work assigned, and rates of pay for each Class Member may also be determinable from the Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Xerox. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

41. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Xerox, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by Xerox in the State of New York as a Field Service Technician or in a similarly-situated position maintaining and

troubleshooting copiers and printers at any time during the six (6) years prior to the filing of this Complaint.

42. Xerox has acted and/or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

43. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Xerox failed to timely pay Plaintiff and Class Members their wages in violation of the NYLL;

(b) Whether Xerox failed to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per workweek in violation of the NYLL;

(c) Whether Xerox failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(d) Whether Xerox failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(e) Whether Xerox failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and Class Members;

(f) Whether Xerox failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(g) Whether Xerox took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(h) Whether Xerox's policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(i) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

44. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Xerox and suffered the same or similar harms as a result of those practices. The Defendant's corporate-wide policies and practices affected all Class Members similarly, and Xerox benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

45. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

46. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

47. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

48. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

49. The members of the Class have been damaged and are entitled to recovery as a result of Xerox's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Xerox's practices.

50. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

51. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendant employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

53. As a result of Defendant's unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

54. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendant employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Class Members for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate in violation of NYLL.

56. By Defendant's failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the NYLL.

57. Due to Defendant's violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

58. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Plaintiff and Class Members were manual workers within the meaning of NYLL § 190(4).

60. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

61. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of NYLL § 191.

62. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

63. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendant failed to provide Plaintiff and Class Members upon hire with written notice setting forth their rate of pay and other information required by NYLL § 195(1).

65. Plaintiff and Class Members are entitled to recover statutory damages from Defendants pursuant to NYLL § 198.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

66. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants failed to furnish Plaintiff and Class Members with an accurate statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by NYLL § 195(3).

68. Plaintiff and Class Members are entitled to recover statutory damages from Defendants pursuant to NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)  Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(ii)  Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii)  Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(iv)  Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(v)  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL;

(vi)  Unpaid overtime wages under the NYLL, plus liquidated damages and pre- and post-Judgment interest;

(vii)  Damages pursuant to New York State Labor Law § 198(1-a);

(viii)  Reasonable attorneys' fees and costs incurred in prosecuting these claims; and

(ix)  Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       May 23, 2023

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s/ Peter A. Romero, Esq.*
    _____
    Peter A. Romero, Esq.
    490 Wheeler Road, Suite 250
    Hauppauge, New York 11788
    (631) 257-5588
    Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Xerox to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____  _____
Leland N Futch                                          Date  5/22/2023